UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**"IN ADMIRALTY"**

CASE NUMBER:

IN THE MATTER OF:

TRICIA A. SPIVEY, as the Personal Representative of the Estate of RANDALL L. SPIVEY, JR., and TRICIA A. SPIVEY, as owners of a 2021 42' Freeman Boatworks LR "*UNSTOPP-A-BULL*", bearing Hull Identification Number IGG42091J021, its Engines, Tackle, Appurtenances, Equipment, Etc., in a cause for Exoneration from or Limitation of Liability.

        Petitioners.

_____/

**PETITION FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Petitioners, Tricia A. Spivey, as the Personal Representative of the Estate of Randall L. Spivey, Jr., and Tricia A. Spivey, individually, (hereinafter "Petitioners"), as owners of a 2021 42' Freeman Boatworks LR "*UNSTOPP-A-BULL*" Bearing Hull Identification Number (HIN) IGG42091J021, its  Engines, Tackle, Appurtenances, Equipment, Etc. (hereinafter the "Vessel"), by and through undersigned counsel and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture (hereinafter "Supplemental Admiralty Rule F"), and the applicable local rules of the U.S. District

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. Dadeland Blvd. Suite 1900, Miami, Florida 33156 Tel (305) 810-5400 Fax (305) 810-5401

Court for the Middle District of Florida, hereby respectfully petition this Court for Exoneration from or Limitation of Liability for all claims arising out of an accident that occurred on December 19, 2025, on navigable waters in the Gulf of America over 75 miles southwest of Marco Island, Florida, and as grounds therefore alleges:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. § 1333, and U.S. Const. Art. III, § 2.

2.      This action is brought by Petitioners pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and Supplemental Admiralty Rule F, governing Limitation of Liability Actions.

3.      This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331, 1333, and 46 U.S.C. § 30501 *et seq*.

4.      Venue is proper pursuant to Supplemental Rule F(9) because the Vessel is present within this district, and the incident giving rise to potential claims of liability against the Petitioners occurred within this Court's jurisdiction.  Petitioners reside in this venue.

5.      The vessel, a 2021 42' Freeman Boatworks LR named "*UNSTOPP-A-BULL*", Bearing Hull Identification Number (HIN) IGG42091J021, its Engines, Tackle, Appurtenances, Equipment, etc. (hereinafter the "Vessel"), is a seagoing vessel per 46 U.S.C. § 30502.

6.      The Vessel's dimensions are as follows: a length of 42 feet and a beam of approximately twelve (12) feet.

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. DADELAND BLVD. SUITE 1900, MIAMI, FLORIDA 33156 TEL (305) 810-5400 FAX (305) 810-5401

7.    The Vessel is less than 100 gross tons.

8.    At all times material hereto, Petitioner Tricia A. Spivey and Randall L. Spivey, Jr. were, and still are, the registered owners of the Vessel.

9.    Upon information and belief, at the time of the incident, Randall L. Spivey exercised dominion and control of the Vessel and was responsible for operating the Vessel, manning the Vessel, and making navigational decisions for the Vessel.

10.    The events, acts, and circumstances giving rise to this Petition occurred on navigable waters in the Gulf of America over 75 miles southwest of Marco Island, Florida, on December 19, 2025, while the Vessel was engaged in recreational maritime activity.

11.    The voyage on the day of the incident, December 19, 2025, was a recreational voyage and had no paying passengers on board.

12.    The Vessel does not qualify as a "small passenger vessel," pursuant to 46 U.S.C. § 2101(47) or c, because it was engaged in a recreational voyage. The one (1) guest on board did not pay Petitioner, Estate of Randall S. Spivey, for the voyage.

13.    As such, the Vessel is not subject to the Small Passenger Vessel Liability Fairness Act codified as 46 U.S.C. § 30502(b).

14.    Petitioners seek exoneration pursuant to Supplemental Admiralty Rule F(2) and, in the alternative, seek to claim and invoke the rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. Dadeland Blvd. Suite 1900, Miami, Florida 33156 Tel (305) 810-5400 Fax (305) 810-5401

15.     Upon information and belief, the Vessel was seaworthy, properly, and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for the use for which it was engaged.

16.     Upon information and belief, Randall L. Spivey exercised due diligence to make and maintain the Vessel in a condition that it was fit for its normal and intended use.

17.     The Vessel has not been attached or arrested *in rem* in any civil proceeding.

18.     On December 19, 2025, the Vessel was operated and controlled by Randall L. Spivey on navigable waters in the Gulf of America over 75 miles southwest Marco Island, Florida.  In addition to Randall L. Spivey, the Vessel had one guest on board, his nephew, Brandon Billmaier.

19.     On December 19, 2025, Randall L. Spivey, Jr. and his nephew, Brandon Billmaier, departed from Mr. Spivey's residence in Fort Myers, Florida, aboard the Vessel for an offshore fishing trip. Randall L. Spivey, Jr. advised family members that they intended to travel approximately over 75 miles offshore and return to Fort Myers before or around sunset on the same date. Randall L. Spivey, Jr. and Brandon Billmaier failed to return as planned and could not be contacted (hereinafter the "Incident").

20.     Thereafter, Petitioner Tricia A. Spivey notified the United States Coast

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. Dadeland Blvd. Suite 1900, Miami, Florida 33156 Tel (305) 810-5400 Fax (305) 810-5401

Guard ("USCG") during the evening hours of December 19, 2025, and requested that a search be initiated to locate Randall L. Spivey, Jr. and Brandon Billmaier. Upon receipt of Petitioner Tricia A. Spivey's report of two (2) missing people, USCG Sector St. Petersburg coordinated the launch of search and rescue assets and utilized available vessel-tracking information to identify the vessel's last known position.

21.     At approximately 12:29 a.m. on December 20, 2025, a USCG helicopter crew located the Vessel moving slowly in forward gear under its own power, approximately 87 miles southwest of Marco Island, Florida. A USCG rescue swimmer was deployed to the Vessel, secured the Vessel by stopping its engines, and anchored the Vessel. The Vessel was found unmanned, and neither Randall L. Spivey, Jr. nor Brandon Billmaier were aboard the Vessel.

22.     Following the discovery of the Vessel, the USCG along with partner federal, state, and local agencies coordinated and commenced an extensive search and rescue operation.  To supplement law enforcement's efforts, family members, friends, and volunteers, organized and coordinated private search efforts utilizing both vessels and aircraft and worked in conjunction with the USCG regarding search locations and areas of interest.

23.     Despite the extensive and comprehensive search conducted over a large area of the Gulf of America, Randall L. Spivey, Jr. and Brandon Billmaier were not found.

24.     To date, the body of Randall L. Spivey, Jr., has not been recovered.

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. Dadeland Blvd. Suite 1900, Miami, Florida 33156 TEL (305) 810-5400 FAX (305) 810-5401

Likewise, the body of Brandon Billmaier has not been recovered. Neither individual has been seen, or heard from, since departing on the Vessel for the fishing trip on morning of December 19, 2025.

25.    On June 10, 2026, the State of Florida issued a Presumptive Certificate of Death for Randall L. Spivey, Jr., based upon his presumed death at sea.

26.    On June 10, 2026, the Probate Circuit Court for Lee County issued Letters of Administration which appointed Tricia A. Spivey, the widow, as the Personal Representative of the Estate of Randall L. Spivey, Jr.

27.    To Petitioner Tricia A. Spivey's knowledge, the only potential Claimant to this action includes: The Estate of Brandon Billmaier.

28.    This Petition is filed within six (6) months of Petitioner Tricia A. Spivey's receipt of the first written notice of a possible claim in this matter, arising from the Incident and subject to exoneration from or limitation of liability; therefore, this Petition is timely pursuant to the provisions of Supplemental Rule F.

29.    The Vessel was not damaged as a result of the Incident.  The Vessel is currently in the possession of Petitioner Tricia A. Spivey at 15151 Intracoastal Court, Fort Myers, FL 33908.

30.    Pursuant to Supplemental Rule F (2) and 46 U.S.C. § 30501 *et. seq.*, Petitioners seek exoneration from or limitation of liability for any death, injuries, damages, and losses of whatever description arising out of the Incident, and desires to contest liability in the event claims are made.

McALPIN FLOREZ MARCOTTE, P. A.
9130 S. Dadeland Blvd. Suite 1900, Miami, Florida 33156 Tel (305) 810-5400 Fax (305) 810-5401

31.     The post-casualty value of the Vessel does not exceed $718,000.  There was no pending freight at the time of the incident.

32.     Subject to any appraisal of its interest upon reference, Petitioners deposit with the Court, as security for the benefit of claimants, a Letter of Undertaking from their insurer in the sum of $718,000 plus interest at 6% per annum from December 19, 2025, said sum being the fair market value of the Petitioners' interest in the Vessel following the Incident. The Letter of Undertaking is attached hereto as **Exhibit 1.**

33.     Upon information and belief, the Incident was not caused or contributed by Petitioners' fault, negligence, or lack of due care.

34.     Alternatively, and upon information and belief, the Incident was done, occasioned, and incurred without Petitioners' privity or knowledge.

35.     Petitioners claim exoneration from or limitation of liability for any and all property damages, personal injuries, and/or death caused by the Incident involving the Vessel, and for any claims thereof.

36.     Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioners, or anyone for whom Petitioners may be legally responsible for, and Petitioners are entitled to exoneration from any liability for any such claims.

37.     Petitioners, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 30501 *et*

MCALPIN FLOREZ MARCOTTE, P. A.
9130 S. DADELAND BLVD. SUITE 1900, MIAMI, FLORIDA 33156 TEL (305) 810-5400 FAX (305) 810-5401

*seq*., and the various statutes supplemented thereto and amended thereof, and to that end, Petitioners have filed with the Court, as security for the benefits of Claimants, a Letter of Undertaking, with interest and sufficient security, for the amount of the value of its interest in the Vessel, as provided for by Supplemental Rule F and Local Admiralty Rule F.

38.    If it later appears that Petitioners may be liable and the amount or value of Petitioners' interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure, Supplemental Rule F and Local Admiralty Rule F.

39.    In the event the Court determines there was negligence, or other legal fault in the operation and/or use of the Vessel, which contributed in any way to any alleged injuries, losses, or damages on the part of any person, vessel, or other claims arising from the December 19, 2025 Incident, which negligence or other legal fault is denied by Petitioners, such negligence occurred wholly or in part without the privity or knowledge of Petitioners within the meaning of 46 U.S.C. § 30501 *et seq.*

40.    Petitioners believe potential claims arising from this maritime Incident may exceed the value of Petitioners' interest in the Vessel and pending freight (of which there was none) on the date of the Incident at the end of the voyage.

41.    By reason of the facts and circumstances set forth above, Petitioners

MCALPIN FLOREZ MARCOTTE, P. A.
9130 S. DADELAND BLVD. SUITE 1900, MIAMI, FLORIDA 33156 TEL (305) 810-5400 FAX (305) 810-5401

claim the benefits of the provisions of 46 U.S.C. §30501 *et seq.* and Supplemental Rule F in this proceeding.

42.    By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioners are entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq.*

WHEREFORE, Petitioners TRICIA A. SPIVEY, as the Personal Representative of the Estate of RANDALL L. SPIVEY, JR., and TRICIA A. SPIVEY, RESPECTFULLY REQUEST:

A. For an Order:

1.    Approving the above-described Letter of Undertaking filed with the Court by Petitioners, as security for the amount or value of Petitioners' interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioners' interest in the Vessel at the end of the aforesaid voyage; and

2.    Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid Incident on December 19, 2025, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioners copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before

MCALPIN FLOREZ MARCOTTE, P. A.
9130 S. DADELAND BLVD. SUITE 1900, MIAMI, FLORIDA 33156 TEL (305) 810-5400 FAX (305) 810-5401

a time certain to be fixed by said monition; and

B.  That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the Incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioners and/or the Vessel in respect of any claim or claims arising out of the Incident on December 19, 2025, above described; and

C.  For a Decree adjudging:

1.    That neither Petitioners nor the Vessel is liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid Incident on December 19, 2025, as above stated;

2.    Or, if Petitioners shall be adjudicated liable, that liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid Incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such Claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioners from any and all further liability; and that Petitioners may

have such other and further relief as the justice of the cause may require.

Dated: July 2, 2026

Respectfully submitted,

**McAlpin Florez Marcotte, P.A.**
*Counsel for Petitioners,*
9130 S. Dadeland Blvd. Suite 1900
Miami, Florida 33156
Tel: (305) 810-5400
Fax: (305) 810-5401

By: */s/ Richard J. McAlpin*
Richard J. McAlpin, Esq.
Florida Bar No.: 438420
rmcalpin@mfm-maritime.com
Christopher A. McAlpin, Esq.
Florida Bar No.: 1039656
cmcalpin@mfm-maritime.com
nbovadilla@mfm-maritime.com